# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 06 B 06073 |
| ALLRITE SHEET METAL, INC. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | |
| Debtor. | ) | |

## FINAL APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period August 4, 2006 through September 11, 2009. In support of this Application, Much Shelist respectfully states as follows:

1. On May 25, 2006 the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was subsequently appointed, qualified and continues to act as the Trustee herein.

2. On August 15, 2006, this Court entered an Order authorizing the Trustee to employ Much Shelist as the Trustee's attorneys in this case.

3. Much Shelist has not requested nor has it received any amounts whatsoever for legal services rendered as attorney for the Trustee in this case. Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any other person or firm whatsoever with regard to its compensation in this case.

4. Much Shelist respectfully represents that it is entitled to final compensation in the amount of $23,546.50, plus reimbursement of out-of-pocket expenses in the amount of $384.31, for services rendered on behalf of the Trustee during the period of August 4, 2006 through September 11, 2009.

5. Much Shelist provided 52.90 hours of services to the Trustee during the time period covered by this Application.

6. The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 26.40 hrs. | $526.88/hr. | $13,909.50 |
| Colleen E. McManus | 8.60 hrs. | $391.05/hr.* | 3,363.00 |
| William S. Hackney | 17.90 hrs. | $350.50/hr.* | 6,274.00 |
| | | | |
| **TOTAL:** | **52.90 hrs.** | | **$23,546.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

7. The services rendered are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code.

8. Much Shelist has taken care to avoid duplication of services. There were instances when more than one Much Shelist attorney was involved in a particular meeting or telephone conference. In those instances, joint participation was necessary because of the nature of the matter at hand, the continuity of the representation or the expertise of the attorneys involved.

2

9. At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

10. The services provided to the Trustee by Much Shelist have been separated into five (5) activities as follows:

**A.** **General Administration (Tab 1)**: Much Shelist expended 14.30 hours on General Administrative matters. At the initial Section 341 meeting in this case, the Trustee was advised that the Debtor had sold substantially all of its assets and ceased doing business in July, 2004, approximately 22 months before the Debtor filed its Chapter 7 case. The Debtor's accounts receivable were excluded from the sale transaction.

Much Shelist reviewed the Asset Purchase Agreement and other documents related to the sale. Much Shelist also engaged in telephonic and written communications with the Debtor's bankruptcy attorney, the Debtor's former corporate counsel, representatives of LaSalle Bank, the Debtor's pre-petition lender, and other parties in interest with respect to confirming the sale transaction and ascertaining any remaining assets which the Trustee could liquidate for the benefit of the creditors of this estate.

The Trustee was also informed that prior to filing its Chapter 7 case, the Debtor was involved as the plaintiff in an action pending in the Circuit Court of Cook County, Illinois, entitled *Allrite Sheet Metal, Inc. v. Bank of Commerce, et.al.*, under case number 05CH 09623 (the "State Court Action"). The State Court Action was initiated to enjoin the payment of any funds pursuant to a letter of credit to Mary Carter, the widow of Gordon Carter, deceased, the original beneficiary of said letter of credit. With Much Shelist's assistance, the Trustee determined that the estate had no interest in the assets securing the letter of credit. Much Shelist

3

prepared appropriate pleadings and appeared in Court on the Trustee's motion to abandon his interest in the State Court Action. The Court granted the motion and authorized the Trustee to abandoned the State Court Action to the Debtor's former principal.

Much Shelist also reviewed pleadings, appeared in Court and engaged in telephonic and written correspondence with parties in interest relative to a motion for stay relief related to the State Court Action. Counsel also engaged in telephonic communications with attorneys representing account receivable obligors with respect to settlement offers; counsel met with a representative of a pre-petition creditor of the Debtor with respect to possible fraudulent conveyance issues and communicated with general creditors regarding claims filed and prospects for a distribution; counsel reviewed the secured claim filed by Debtor's former principal and negotiated a settlement of said claim. Time was expended on the preparation of and appearance in Court on the motion to compromise with secured creditor.

The Much Shelist attorneys who provided General Administrative services to the Trustee and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 9.80 hrs. | $516.12/hr.* | $5,058.00 |
| Colleen E. McManus | 2.90 hrs. | $392.07/hr.* | 1,137.00 |
| William S. Hackney | 1.60 hrs. | $360.00/hr. | 576.00 |
| | | | |
| **TOTAL:** | **14.30 hrs.** | | **$6,771.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

**B.    Employment of Professionals (Tab 2)**: Much Shelist provided 6.20 hours preparing pleadings and appearing in Court in connection with the Trustee's employment of special counsel to recover accounts receivable and the employment of Trustee's accounting firm. The individuals who provided services in connection with the Trustee's employment of professionals and the time expended by are as follows:

4

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.00 hrs. | $496.00/hr. | $496.00 |
| Colleen E. McManus | 1.40 hrs. | $390.00/hr. | 546.00 |
| William S. Hackney | 3.80 hrs. | $340.00/hr. | 1,292.00 |
| | | | |
| **TOTAL:** | **6.20 hrs.** | | **$2,334.00** |

C. **Disposition of Assets (Tab 3)**: Much Shelist expended 17.40 hours assisting the Trustee in the disposition of assets of this estate. Counsel was involved in telephonic and written communications with the Trustee's special collection counsel and prepared pleadings and appeared in Court on the Trustee's motion to compromise controversies with Drywall Master Tools and Swingmaster. The Trustee recovered in excess $25,000.00 from the above-referenced receivable obligors. Time was also expended with the Trustee's abandonment of the State Court Action referenced above.

Subsequent to abandoning the State Court Action, the Trustee was made aware of a possible claim Debtor might have against Gordon Carter, deceased, under a certain consulting agreement dated September 25, 2003. The Trustee received an offer from Mary Lou Carter, Mr. Carter's spouse, to purchase the cause of action for $3,500.00 subject to certain conditions. Much Shelist prepared appropriate pleadings and appeared in Court on the Trustee's motion to sell the cause of action to Mrs. Carter. In response, the Debtor's former principal expressed an interest in purchasing this cause of action. With Much Shelist's assistance, the Trustee sought Court authority to conduct an auction sale of the cause of action in accordance with approved bidding procedures. The Court ultimately entered an Order authorizing the Trustee to sell his right, title and interest in and to the subject cause of action to the Debtor's former principal for an unconditional cash payment of $3,500.00.

The Much Shelist attorneys who provided services in connection with the Trustee's disposition of assets of this estate and the time expended by them are as follows:

5

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.80 hrs. | $508.16/hr.* | 1,931.00 |
| Colleen E. McManus | 3.20 hrs. | $390.00/hr. | 1,248.00 |
| William S. Hackney | 10.40 hrs. | $350.96/hr.* | 3,650.00 |
| | | | |
| TOTAL: | 17.40 hrs. | | $6,829.00 |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

C.  **Tax Matters (Tab 4)**: Much Shelist expended 4.70 hours assisting the Trustee in dealing with tax matters. Because the Debtor sold substantially all of its assets and ceased operating its business approximately two years before filing its Chapter 7 case, Much Shelist was required to expend time assisting the Trustee's accountants in gathering information for the preparation and filing of tax returns. Much Shelist also worked with the Trustee's accountant to determine the extent of the financial information which needed to be included in tax returns based on the limited availability of documents.

The Much Shelist individuals who provided services with respect to tax matters and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.60 hrs. | $536.66/hr.* | 1,932.00 |
| Colleen E. McManus | 1.10 hrs. | $392.73/hr.* | 432.00 |
| | | | |
| TOTAL: | 4.70 hrs. | | $2,364.00 |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

D.  **Fee Related Matters (Tab 5)**: Much Shelist expended 10.30 hours in connection with the preparation of the Trustee's motion for authorization to pay final compensation to special collection counsel and the Trustee's motion for authorization to pay final compensation to his accountant. Time was also expended in connection with the preparation of this fee petition.

6

The Much Shelist attorneys involved in dealing with fee petition matters and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 8.20 hrs. | $547.87/hr.* | $4,492.50 |
| William S. Hackney | 2.10 hrs. | $360.00/hr. | 756.00 |
| | | | |
| **TOTAL:** | **10.30 hrs.** | | **$5,248.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

15. During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $384.31. Attached hereto as Exhibit "B" is an itemization of Much Shelist's out-of-pocket expenses. The charge for photocopies is 10¢ per page. Facsimile charges are billed at the rate of $1.00 per page, incoming and outgoing. Much Shelist asserts that these out-of-pocket expenses were reasonable and necessary expenses incurred in its representation of the Trustee.

16. The services rendered by Much Shelist as the Trustee's attorney have resulted in a substantial benefit to the Trustee and to the creditors of this estate. By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.

**WHEREFORE**, Much Shelist Denenberg Ament & Rubenstein, P.C. respectfully requests that this Court enter an Order as follows:

1. Granting this Application and awarding Much Shelist final compensation in the amount of $23,546.50, plus reimbursement of out-of-pocket expenses in the amount of $384.31, for services rendered during the period August 4, 2006 through September 11, 2009;

2. Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

3. Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist Denenberg Ament & Rubenstein, P.C.**

By: /s/ Norman B. Newman
One of Its Attorneys

Norman B. Newman, ARDC No. 02045427
**Much Shelist Denenberg Ament & Rubenstein, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile: 312.521.2100